ON APPLICATIONS FOR REHEARING
En Banc.
PER CURIAM.
Both plaintiff and defendant in this case and in the two cases consolidated herewith—Michigan Wisconsin Pipeline Company v. Clifford Hebert, 210 So.2d 379 (La.App. 3d Cir., 1968) and Michigan Wisconsin Pipeline Company v. Elray Hebert, 210 So.2d 378 (La.App. 3d Cir., 1968), Numbers 2353 and 2352, respectively, on our docket — applied to this court for rehearing. The application on the part of Michigan Wisconsin Pipeline Company was filed untimely, and, therefore, it is denied. We also deny the application of the defendant in each of these cases with the following clarification of our original opinion.
In our original opinion, we did not state, nor did we intent to assert, that Vorice Hebert was an indispensable party to these proceedings. While we hold that Mr. Hebert was a necessary party to these proceedings, we do not feel that an entire new trial is justified merely for the purpose of joining him thereto. We feel that his rights must be protected and that the case should be re-opened, so that he may assert his rights and interests therein. In ordering a limited remand of these cases, we do not in any way mean to abridge any rights that he would have if he had been made a party defendant to these proceedings from the beginning; nor do we mean to prejudice any of the defenses or claims, which he could have presented had he been made a party when these proceedings were first opened.
With this clarification of our opinion in these cases, we deny the defendant’s application for rehearing.
Rehearing denied.